**LEWIS et al. v. REYNOLDS.**

No. 369.

Circuit Court of Appeals, Tenth Circuit.

March 17, 1931.

Rehearing Denied April 20, 1931.

N. E. Corthell, of Laramie, Wyo. (A. W. McCollough and M. E. Corthell, both of Laramie, Wyo., on the brief), for appellants.

John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, and P. E. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and A. D. Walton, U. S. Atty., of Cheyenne, Wyo., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action at law brought by Edgar Percy Lewis and Richard F. Cooper, as trustees under the will of Arthur Francis Thomas Cooper, deceased, to recover $7,297.16 alleged to have been wrongfully collected as federal income tax assessed against the estate of Cooper for 1920.

On February 18, 1921, the administrator of such estate filed an income tax return for the period from January 1 to December 12, 1920—a final settlement of the estate having been made on the latter date. In such return, deductions were claimed on account of the following expenditures made by the administrator: Attorney's fees, $20,750; state inheritance tax, $16,870; publishing notices, $67.52; probate court fees, $26.00; and premium on administrator's bond, $105.55. A personal exemption of one thousand dollars was claimed and the normal tax on the first four thousand dollars was computed at four per cent.

On November 24, 1925, the Commissioner determined the tax upon such return. He disallowed all of such deductions except the item of attorney's fees. He determined that Cooper, deceased, was a non-resident alien of Great Britain and Ireland at the time of his death and, therefore, disallowed the exemption of one thousand dollars and computed the tax on the first four thousand dollars at eight per cent. He assessed a deficiency tax of $7,297.16. On March 21, 1926, the trustees paid such deficiency assessment under protest.

On July 27, 1926, the trustees filed a claim for refund of $7,297.16, based on the disallowance of such deductions and exemption and the computation of the normal tax at eight per cent. instead of four per cent.

A letter from the Commissioner to the trustees, dated May 18, 1929, stated that the payment of $20,750 for attorney's fees was not allowable as a deduction from income,

and set forth a corrected computation of the tax. In such computation, the Commissioner allowed the amount paid as inheritance tax as a deduction, allowed the personal exemption of one thousand dollars and computed the normal tax at four per cent. Such computation showed a total tax liability of $21,946.96, and the tax theretofore assessed and paid as $20,379.77. Such letter further stated:

"Since the correct computation results in an additional tax as indicated above which is barred from assessment by the statute of limitations your claim will be rejected on the next schedule to be approved by the commissioner."

The trial court held that the claim for refund was properly denied and entered a judgment accordingly. The trustees have appealed.

Counsel for the trustees contend that the Commissioner was without authority to re-determine and reassess the tax after the statute of limitations had run against the assessment, and that he was restricted in his consideration of the claim for refund, at the time of his decision, to a determination of whether the trustees were entitled to deductions of the specific items set up in the claim for refund.

Counsel for the collector contend that the Commissioner had the power, upon consideration of the claim for refund, to reconsider the entire assessment and to determine whether or not the trustees had overpaid the tax.

Section 284 (a) of the Revenue Act of 1926 (44 Stat. 66), section 1065 (a), title 26, USCA, in part provides:

"(a) Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed by this Act (Feb. 26, 1926), the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, the Act entitled 'An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes,' approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or any such Act as amended, the amount of such overpayment shall, except as provided in subdivision (d), be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer."

Section 322 (a) and (b) (1) of the Revenue Act of 1928 (45 Stat. 861), section 2322 (a) and (b) (1) title 26, USCA, in part provides:

"(a) *Authorization.* Where there has been an overpayment of any tax imposed by this title, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer.

"(b) *Limitation on Allowance.*—(1) Period of limitation. No such credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

The above quoted provisions clearly limit refunds to overpayments. It follows that the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a re-determination of the entire tax liability. While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax.

The action to recover on a claim for refund is in the nature of an action for money had and received, and it is incumbent upon the claimant to show that the United States has money which belongs to him. Champ Spring Co. v. United States (C. C. A. 8) 47 F.(2d) 1.

Since, in the instant case, the trustees had not overpaid the tax, the claim for refund was properly denied.

Judgment affirmed.