HUNTLEY, Collector of Internal Revenue, v.
STANDARD TIMBER CO.

No. 6880.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1933.

George Neuner, U. S. Atty., and J. W. McCulloch, Asst. U. S. Atty., both of Portland, Or., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for appellant.

Ivan F. Phipps, Charles E. McCulloch, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

The plaintiff-appellee sued to recover the amount of income taxes paid by it for the taxable year ending August 31, 1925, on the ground that the tax had been erroneously and illegally assessed against it and collected and withheld by the defendant-appellant. A demurrer to the complaint was overruled; the defendant elected to stand on the demurrer; and this appeal is from the judgment entered in favor of appellee.

The complaint discloses that on November 15, 1925, appellee filed its corporation income and profits tax return for the year in question, showing a net taxable income of $27,657.89 and a total income tax of $3,457.-24, which was paid in quarterly installments on November 17, 1925, February 20, 1926, May 22, 1926, and August 12, 1926, respectively. Later it was discovered that appellee had suffered a net loss of $4,288.46 for the taxable year in question and that there was

therefore an overassessment of its tax liability for that year in the amount of $3,457.-24, the sum paid as income tax. March 15, 1929, a claim for refund of this amount was filed with the Commissioner of Internal Revenue.

The tax was paid pursuant to the Revenue Act of 1924, which, by section 281 (b), 43 Stat. 301 (26 USCA § 1065 note), allows four years from the date of payment within which to file a claim for refund, and the claim was filed in accordance with the provisions of this act.

Section 284 (b) of the Revenue Act of 1926, 44 Stat. 66 (26 USCA § 1065 (b), enacted and effective February 26, 1926, provides that: "No such credit or refund [for overpayment of tax] shall be allowed or made after three years from the time the tax was paid, in the case of a tax imposed by this Act, * * * nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer."

The Commissioner of Internal Revenue allowed a refund for the payments of May 22, 1926, and August 12, 1926, but disallowed the refund claimed for the payments of November 17, 1925, and February 20, 1926, on the ground that the claim had not been filed within three years from the date of payment thereof as required by section 284 (b) of the Revenue Act of 1926.

The trial court decided that refund should also be made of these payments, because, as stated in its opinion: "The tax which was paid must have been imposed by the statute of 1924 because no other act was in effect at the time the payment was made. Imposition must precede payment. If it does not, there appears the anomaly of a payment made of a tax which is not in existence."

The question before us is, not whether the filing of the claim for refund is controlled by the provisions of the act of 1924 or the act of 1926; but whether the tax was imposed by the act of 1924 or the act of 1926.

Appellant contends that "all of the tax in question is imposed by the provisions of the 1926 act, but that part of the net income earned in the 1924 months is determined by the 1924 law provisions, under the 1924 act, and the 1924 rates applied thereto by the provisions of the 1926 law (section 207 (a), 26 USCA § 938, and that part of the net income earned in the 1924 months is deter-

mined by the 1926 act provisions (section 200 (a), 26 USCA § 931, under the 1926 act, and the 1926 rates applied thereto by the 1926 law."

Assuming that this method of apportionment and computation be correct, it nevertheless has no application here, because, the appellee having suffered a loss, there was no taxable income for the year in question; and, furthermore, as said by the trial court: "The court is here dealing, not with the question of whether a tax was imposed by the act of 1926 upon those months which fell in the calendar 1924, although constituting a part of a fiscal year which expired in 1925. The specific problem before the court is answered by its very statement. It would be entirely illogical to hold that a money payment made for taxes imposed under the Revenue Act of 1924, when that statute was the only such law in effect, was paid upon a tax imposed under the Revenue Act of 1926, which was not even passed when the payment was made. The new enactment imposed a tax in lieu of the tax required by the act of 1924. But the tax paid was the only one which could have been paid at that time, and that was a tax imposed by the Revenue Law of 1924. The tax paid was not imposed by the Revenue Law of 1926."

The conclusion of the court finds further support in the language of section 284 (b) of the Revenue Act of 1926, above quoted, namely: "No such credit or refund shall be allowed or made * * * after four years from the time the tax was paid in the case of a tax imposed by any prior act. * * *"

Section 284 (a) of the 1926 act (26 USCA § 1065 (a) is also pertinent, and strengthens the conclusion that the claim for refund was properly filed and allowed under the 1924 act. The section reads: "Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed by this Act, * * * or the Revenue Act of 1924, * * * the amount of such overpayment shall * * * be credited against any income, war-profits, or excess-profits tax or installment thereof *then due* from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer."

As above stated, there was no tax "then due," because the taxpayer had suffered a loss for the year in question.

The tax erroneously assessed and collected should therefore be refunded.

Affirmed.