# HOUSTON PRODUCTION CO. v. UNITED STATES.

## No. 2152.

District Court, S. D. Texas, Houston Division. Sept. 16, 1933.

716

Selden Leavell, of Houston, Tex., for plaintiff.

E. Barrett Prettyman, Gen. Counsel, Bureau Internal Revenue, and Wm. B. Waldo, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., and H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex., for the United States.

HUTCHESON, Circuit Judge.

Plaintiff, in 1924, made a payment to one of its officers on account of services which, though rendered in past years, did not become an obligation of the company until voted by the directors in this year. In its income tax return it took credit for this amount as an ordinary and necessary expense, and in arriving at its net income from its producing properties for the purpose of discovery depletion, it allowed 70 per cent. of this amount as an expense of those properties, and as such deducted it from its gross income. The commissioner rejected the item altogether as an expense for that year in determining the net income both of the company generally and of the producing properties, and determined a deficiency accordingly. Thereafter, on the authority of Lucas v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, plaintiff was allowed a refund on account of this exclusion; but in figuring it, the commissioner gave the same effect to the salary payment, both in regard to the net income of the company and of the producing properties that the plaintiff had done in its return.

Plaintiff, dissatisfied with this result, claiming that no part of the salary payment should have been deducted in determining the net income of the producing properties, sued to recover, as an overpayment for the calendar year 1924, the amount by which its taxes were increased by the deduction.

The defendant, insisting that the commissioner correctly used the salary item, and that it owes plaintiff nothing, asserts in offset to plaintiff's claim that an additional sum, more than the amount of the claim, is due defendant by plaintiff through the failure of the plaintiff and of the commissioner to take into account as a deduction from the gross income of the producing properties, in determining the discovery depletion allowable, $29,000 allowed plaintiff as a deduction on account of abandoned wells on the depletable property. It urges, under the authority of Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293, that "the overpayment which must appear before the taxpayer may have a refund" is not an overpayment on a particular item, but an overpayment of the tax due, and that there can be no overpayment of a particular item if there are offsetting items due, even though these items, because of limitation, are not collectible.

Plaintiff concedes this position, admitting that if the items of abandoned wells are proper depletion deductions, it cannot recover, because of the offset, even though it maintains its position as to the incorrectness of the salary depletion deduction.

Defendant advances a step further, however. It presents by counterclaim an affirmative demand against plaintiff for the amount refunded to it, asserting that if the abandoned well items are proper deductions against depletion allowable, and the salary item is also, it should be given judgment for the refund though, because barred, the amount of tax due on account of the abandoned well deductions could not be collected by assessment. It declares that since an overpayment must appear before a refund is authorized, the action of the commissioner in making the payment amounts to an unauthorized taking of government funds, and that under the authority of Lewis v. Reynolds, supra, an action lies against plaintiff for the erroneous refundment as for moneys had and received. United States v. Bartron (D. C.) 35 F.(2d) 765; Western Wholesale Drug Co. v. United States (D. C.) 47 F.(2d) 770; Hartwell Mills v. Rose (C. C. A.) 61 F.(2d) 441; Carter Music Co. v. Bass (D. C.) 20 F.(2d) 390; Lewis v. Reynolds (C. C. A.) 48 F.(2d) 515; Id., 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293. That section 610, of the Act of 1928, 26 USCA § 2610, has no effect upon this right of recovery except to limit it to two years, and the action having been brought within that period, it may be maintained.

Plaintiff insists that defendant's cross-action, though in form not a suit to recover barred taxes, is in substance and effect such a suit. It argues that in the face of the taxing acts making barred taxes uncollectible, and declaring their payment to be overpayments, an action for money had and received will not lie to recover them. Champ Spring Co. v. U. S. (C. C. A.) 47 F.(2d) 1.

These contentions have been pressed earnestly and with vigor. And first, of plaintiff's suit.

The allowance of depletion is not essential to the validity of the tax. It is allowed in the nature of a gift. Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60

L. Ed. 546, Burnet v. Harmel, 287 U. S. 103, 53 S. Ct. 74, 77 L. Ed. 199. By the Act of 1921 (42 Stat. 256, c. 136, § 234 (a) (9), the principle that discovery depletion should be limited to the net income from the property on which the discovery was made, was first brought into the law. This limitation later deemed insufficient, the Act of 1924 increased it by limiting depletion allowance to 50 per cent. of the net income from the property. 43 Stat. 260, c. 234, § 204 (c), 26 USCA § 935 (c). The purpose of limitation on discovery depletion has been stated to be "in order to make it certain that the depletion deduction, when based upon discovery value, shall not be permitted to offset or cancel profits derived by a taxpayer from a separate and distinct line of business." Holmes, Federal Taxes (6th Ed.) p. 1135.

It is certain, then, that neither the statute, nor any regulation or practice under it, was intended to permit a depletion allowance in excess of one-half of the net income from the discovery properties, for this would not only be in the face of the words of the statute, but it would defeat the purpose which lay back of its passing.

I do not understand either plaintiff or defendant to contend differently. The defendant insists that by the use in the depletion section, of the words "net income," without more, it was intended that the net income for discovery depletion is to be determined in the same way and by the use of the same deductions, as was the net income from that property on which the corporation paid taxes. Plaintiff, declaring this to be a mistaken view, asserts that net income of a producing property for depletion purposes and net income of the corporation taxpayer are not the same thing in fact or by statute. That the net income of then producing property is the gross income less expenses necessary to produce it; the net income of the taxpayer is its gross income less prescribed statutory deductions. It contends, in short, that the net income of Act 1924 section 204 (c), the depletion statute, is to be determined under general accounting principles, while the net income under sections 232–234 (a), 26 USCA §§ 984 and note, 985, 986 (a) has been predetermined by the deduction provisions of the statute.

In support of its view it points to the regulations in force under the 1921–1924 Acts defining "net income" for discovery depletion as the gross income from the sale of all mineral production and any other income incidental to the operation of the properties for the production of mineral products, less operating expenses, including depreciation of equipment and taxes, to the General Counsel's memorandum, No. 2315 Bulletin, VI–2, p. 21, and to the testimony of expert accountants in the case, that no part of the salary item, on account of which it sues, was properly deductible as an operating expense of the depletable property for the year 1924.

Assuming without deciding, that the statute should, in the light of the regulations, be construed as meaning by "net income" gross income less operating expenses, and that if the salary payment was not properly allocable to the producing properties as an operating expense of that year, the commissioner incorrectly used it as a depletion deduction, the case made by plaintiff would still not entitle it to recover, for the very existence of its case springs from the fact that it claimed and was allowed a refund on account of this payment as an operating expense for that year.

"Taxation," as it has been said many times, is an eminently practical matter. Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758. Because it is, it has been generally considered that "where the government and the taxpayer, by acquiescence in the manner of performing an act, have given a definite character and effect to it, the taxpayer will not be permitted, after deriving benefits from this acquiescence, to deny this character and effect to it, or to change his position at the government's expense." Hartwell Mills v. Rose (C. C. A.) 61 F.(2d) 441, 444. Plaintiff claimed this salary as an operating expense; it was allowed to it as such. In its claim and affidavits in support of it, it brought this salary payment within the Ox Fibre Case as a proper operating expense for that year. It may not, having by such characterization obtained a refund of it, give it now a different character in order to obtain an additional refund.

The matter of the abandoned well items, which, since plaintiff has no claim to offset, comes up now only upon defendant's affirmative counterclaim, stands differently. Consistency has marked plaintiff's course in regard to these items throughout. The commissioner has concurred. The defendant, suing upon equitable principles for moneys had and received, has the burden then to establish that the treatment accorded these items by plaintiff and the commissioner, in not using them as deductions for depletion, was so plainly contrary to the statute as that it may be said that plaintiff is in possession of money which it was not entitled to obtain, and there-

fore may not justly withhold. Plaintiff's reference to the General Counsel's ruling fully supports its position that the treatment given these items was in accordance with the general practice and custom of the bureau. Defendant argues that to give the statute the effect of permitting a taxpayer to take deductions on account of losses occurring on depletable property in regard to the taxes it shall pay, without at the same time requiring those deductions to be made for the purpose of depletion, is to defeat the statute. It asserts that under the taxing statute the net income of the corporation taxpayer must be the sum of the net income from its producing properties, and that any other construction would defeat the statute. Plaintiff argues that to give the statute this meaning is to import into it a definition of net income as "gross income, less deductions allowed to the taxpayer in determining the tax on which he shall pay," a definition which it does not contain, in direct contradiction to the regulations, rules, and practices of the bureau, and to general principles of accounting.

Finally, plaintiff insists that the considerations of natural justice and equity are on its side, not on that of the defendant. I think plaintiff is clearly right here.

In Carter Music Company v. Bass (D. C.) 20 F.(2d) 390, this court, in an action by a taxpayer, found the defendants, under the circumstances of the case, to be under an obligation, from the ties of natural justice and equity, to return to plaintiff money it had wrongfully obtained. It was there pointed out that the action lies whenever a defendant has money of a plaintiff which it cannot show a legal or equitable ground for retaining, and that upon the finding that the money, ex æquo et bono, belongs to the plaintiff, that it had been obtained by the assertion of an unjust demand and was being wrongfully withheld, plaintiff should have judgment.

Here no such circumstances appear. In accordance with uniform practice, plaintiff claimed and was allowed a statutory loss deduction for abandoned wells. In accordance with the same uniform practice, plaintiff did not show these items as deductions for discovery depletion. It was not until defendant brought them forward in this suit as a makeweight, a balancer of the scales against plaintiff's demand, that any one was ever heard to urge these items as such deductions. The refund which plaintiff has had, it got, not as the result of misrepresentation, mistake, or concealment, but as the result of the application of the settled rules of the department to the facts it fairly and correctly stated in its return. Under these circumstances, the question whether the treatment, which the plaintiff and the commissioner gave to these abandoned well items in connection with discovery depletion, was or was not in accordance with the statute, is academic and abstract. It is not decided. What is decided is that though plaintiff may not recover, neither may defendant, for it has failed, by its evidence, to show that the plaintiff has money which, ex æquo et bono, it ought not to retain.

Let the judgment be that plaintiff take nothing by its suit; defendant nothing by its cross-action, and that defendant go hence with its costs. The motions for judgment of both plaintiff and defendant are denied.