## UNITED STATES v. BIBB MFG. CO.
### No. 7320.

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1934.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga., and Wm. B. Waldo, Sp. Asst. to the Atty. Gen.

Scott Russell, of Macon, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, for income taxes admittedly overpaid, was defended against on the ground that the refund claim was overdue because filed more than three years after August 16, 1926, when appellee paid the last installment on account of income tax for the fiscal year ending August 31, 1925.

The District Judge thought the claim was timely filed, and appellee, plaintiff below, had judgment. The single question whether the defense was good arises upon the construction of clause 1, subd. (b), § 284, Revenue Act of

1926, 26 USCA § 1065(b) (1),[1] as applied to the stipulated facts. It is answered by determining when and under what act the payment was in law made. These are the facts:

On November 15, 1925, appellee, in accordance with the provisions of the 1924 act imposing the tax, filed its return for its fiscal year ending August 31, 1925, showing a tax liability of $351,063.69. A payment of one-fourth, $87,765.92, accompanied the return. In computing this liability, certain municipal taxes it paid were claimed as deductions. On January 21, 1926, the Commissioner assessed against appellee the amount returned as due. On February 15 appellee made its second payment of $87,765.92. On February 26 the 1926 Revenue Act was passed. On May 1, pursuant to T. D. 3843,[2] requiring the filing of an amended return, appellee filed one showing a tax liability of $360,425.39. On May 19 it paid as its third installment $92,446.77. This amount was one-half of the balance remaining due on its amended return after taking credit for its first two payments. On June 24 the Commissioner, instead of reassessing under the 1926 act the whole tax due, and crediting against the assessment the three payments already made, assessed only $9,361.70, the additional tax imposed by the 1926 act. This, with the assessments previously made, aggregated $360,425.39, the amount appellee's return as amended showed to be due for the fiscal year. On August 16 the fourth installment of tax, amounting to $92,466.78, was paid. No schedule of overassessments or list of refunds and credits has ever been signed by the Commissioner with reference to any payments made by the appellee on account of taxes due for the fiscal year 1925. On August 11, 1928, the Commissioner, in computing the tax, disallowed in part the municipal taxes appellee had deducted, but allowed as deductions, offsetting items not originally deducted. The net result was an additional assessment of $45.18 which appellee paid.

It is admitted that the claim for refund, filed July 20, 1930, and rejected April 3, 1931, was timely filed as to this small item. It is denied that it was as to the balance for which appellee made claim. Appellant concedes that the judgment was correct if appellee had four years after the overpayment within which to file claim, rather than three years. It denies that it did. Appellee, insisting, though feebly,[3] that the overpayment occurred not in 1926, when the last installment was paid, but in 1928, when the Commissioner, offsetting deduction against deduction, made the additional assessment of $45.18, argues that the judgment was correct because the claim was timely filed under either period of limitation.

Appellant, not noticing this alternative contention, assumes that the overpayment occurred in 1926. We shall dispose of the appeal on that assumption. Devoting its argument to establishing that the applicable limitation is three, not four, years, appellant argues that the answer to whether this is a "case of a tax imposed by this Act (the Act of 1926)" or a "case of a tax imposed by any prior Act" is to be determined intrinsically from the terms of the act itself, and not extrinsically from a consideration of the proceedings taken in the assessment and collection of the tax. It declares that the 1926 act, extending in terms to and including the fiscal period for and on account of which the tax in question was paid, itself imposed, that is, laid, the tax on. It insists that the fact that the tax was first imposed or laid by, and the administrative machinery by which it was actually collected was set in motion under, the 1924 act, is without significance. It points to section 200(a), 26 USCA § 931(a), providing that "the first taxable year to be called the taxable year 1925 shall be the calendar year 1925, or any fiscal year ending during the year 1925" and to section 207 (c)[4] providing for crediting or refunding payments

---

[1] "No such credit or refund shall be allowed or made after three years from the time the tax was paid in the case of a tax imposed by this Act, nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer."

[2] "Any corporation which has filed a return for a fiscal year ending in 1925 and paid or become liable for a tax computed under the Revenue Act of 1924 and is subject to additional tax for the same period under the Revenue Act of 1926, must file a new return covering such additional tax on or before May 15, 1926. Payment of the additional tax may be made at the time the return is filed or if installment payments are desired, such installments must be paid at the time they would be due if based upon a return for the fiscal year ending February 28, 1926."

[3] "Candor compels the admission that the adjudicated cases reject this theory. U. S. v. Swift & Co. [282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464], supra; Illinois Terminal Co. v. U. S. (Ct. Cl.) 53 F.(2d) 904." Appellant's brief, p. 10.

[4] "(c) Any amount paid before or after the enactment of this Act [February 26, 1926], on account of the tax imposed

on account of taxes imposed by Title 2 of the Revenue Act of 1924 as making it plain that this is the case of a tax imposed by the 1926 act. Appellee, on the other hand, argues that, while there is no doubt that it was subject to be and could have been taxed for the fiscal year in question under both acts, the tax it overpaid was in fact, and for the purpose of the claim and refund provided for in the 1926 act, imposed, not under that act, but under the prior one of 1924.

In making this contention, it does not dispute the government's position that income taxes are imposed, not by the administrative proceedings taken under them, but by the taxing acts themselves. Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001. In fact, it invokes section 230 of the Act of 1926 (26 USCA § 981 note), as in terms declaring that the tax it overpaid was "imposed by section 230 of the Revenue Act of 1924 (26 USCA § 981 note)." It points to the things done administratively and otherwise, the return in the fall of 1925 accompanied by a one-fourth payment, an assessment, and another payment in January, 1926, all before the 1926 statute was enacted; the failure of the Commissioner to make a reassessment crediting on it the 1925 payments already made, his assessment of only the additional amount imposed by the 1926 act, as to the correctness of which no question is made, not as constituting, but as proving, the imposition of the tax by the act of 1924. It argues that as matter of fact and law it plainly appears that the items overpaid were imposed under the 1924 act and were paid as imposed by that act, and that the fact that an additional amount was due, assessed, and paid under the 1926 act did not change the result.

■■ We agree with appellee. By the very words of section 284 (26 USCA § 1065), if the tax for which overpayment is claimed was imposed "under any prior Act," a claim may be filed within four years. The admitted facts establish that the taxes in controversy were so imposed. It would be a strained and artificial construction indeed which would

wrest from the section a contrary meaning. The requirement that the United States may be sued only in accordance with the consent granted is rigorous and exacting. Such limitations as are fixed upon that right to sue are conclusive and binding. It yet remains true that consent has been given to sue the United States in actions for money had and received, to recover moneys wrongfully exacted, and that reasonable, not strained, constructions govern in them. Under the circumstances of this case, if the suit was timely filed, the United States is obligated, by the ties of natural justice and equity, to return to appellee the money it has wrongfully obtained. Houston Production Co. v. United States (D. C.) 4 F. Supp. 715. We think it is no answer to the suit to say that, though the taxes overpaid were imposed by and collected under the act of 1924, they are not recoverable on a claim filed within four years because also imposed by the act of 1926.

As in Huntley v. Standard Timber Company (C. C. A.) 62 F.(2d) 568, the tax here "was paid pursuant to the Revenue Act of 1924, which, by section 281(b) 43 Stat. 301 (26 USCA § 1065 note), allows four years from the date of payment within which to file a claim for refund, and the claim was filed" under this act.

We think that case was well decided. We think the purpose and effect of section 284 (b), Revenue Act 1926 (26 USCA § 1065(b), with its specific provision allowing four years from the time the tax was paid in the case of a tax "imposed by any prior act" for the filing of claim, was not to take away, but to confirm, the four-year time granted by the 1924 act. In the Huntley Case the payments claimed had been in fact made on a return filed under the 1924 act before the 1926 act came into existence. We do not think this difference in the facts requires a different decision, for in each case the taxes overpaid were in fact imposed by, and paid under, the act of 1924.

The judgment is affirmed.

for a fiscal year beginning in 1924 and ending in 1925 by Title II of the Revenue Act of 1924 shall be credited toward the payment of the tax imposed for such fiscal year by this chapter, and if the amount so paid exceeds the amount of such tax imposed by this chapter, the excess shall be credited or refunded in accordance with the provisions of section 284 [section 1065 of this title]." U. S. C. App. title 26, § 938 (26 USCA § 938).