**Lorna KREINES, Plaintiff,**

v.

**UNITED STATES, Defendant,**

v.

**Jack McMENIMEN, et al., Defendants.**

**No. C–87–1410 SAW.**

United States District Court,
N.D. California.

Dec. 17, 1992.

Daniel Robert Bartley, Lynn Searle, San Francisco, CA, for plaintiff.

Stephen Schirle, U.S. Attorney's Office, San Francisco, CA, for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. Background

In October, 1985, Plaintiff rented a studio apartment in a house located at 28 Filbert Street in Sausalito, California. The main house at 28 Filbert Street was owned and occupied by Mr. John Rupp. The apartment, which had a separate street entrance, was downstairs from the main house and connected to it by an interior door which led to a shared storage area.

On January 22, 1986, members of an inter-agency police task force who suspected Rupp's involvement in narcotics trafficking and money-laundering, executed a warrant to search the premises of 28 Filbert Street. In executing the warrant, several federal agents entered Plaintiff's apartment. Plaintiff immediately showed the

agents her lease. The agents interrogated Plaintiff for 45 minutes before they concluded that Plaintiff was not involved in Rupp's alleged activity and permitted her to leave.

In January, 1987, Plaintiff filed a complaint in state court against the United States and various state, individual and Doe defendants. The suit was removed to federal court. After some discovery, Plaintiff amended her complaint to add the names of individual Defendants involved in executing the warrant. The amended complaint sought relief under (1) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for violation of her Fourth Amendment rights [1]; and (2) the Federal Torts Claims Act (FTCA) for negligence, trespass, assault, invasion of privacy and false imprisonment.[2]

Plaintiff's *Bivens* claim was tried before a jury and her FTCA claim was tried before the court. The jury returned a verdict against Defendants McMenimen and Yamashita, two individual federal agents, on the *Bivens* claim. On April 19, 1990, the court entered a judgment of $7000 against each of these Defendants. On July 23, 1990, the court entered judgment for the United States on the FTCA claim.

Defendants appealed the *Bivens* claim verdict, which verdict was upheld on appeal. Plaintiff now moves for attorneys' fees for time spent by her attorneys on the successful *Bivens* claim.

### II. Discussion

Plaintiff moves for attorneys fees under The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA). EAJA provides, in relevant part, "... [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any

---

**1.** Because sovereign immunity prevents a plaintiff from suing the federal government for money damages, the Supreme Court in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) held that Plaintiffs were eligible for money damages if they sued federal officials in their individual, rather than their

official, capacities. Such actions against federal officials in their individual capacities are known as *Bivens* actions.

**2.** Plaintiff also sued Rupp and others in contract and tort for violation of her lease rights. The lease claim was remanded to state court.

civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

■■■ Defendants contend that because Plaintiff prevailed in her suit against Defendants McMenimen and Yamashita in their individual, not their official capacities, EAJA does not apply. Defendants' point is well-taken. EAJA is a limited waiver of sovereign immunity which must be strictly construed. See *Lane v. United States*, 727 F.2d 18, 21–22 (1st Cir.1984) *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 57 (1984). It provides for attorneys fees in actions brought "by or against the United States." EAJA defines the "United States" to include "any agency and any official of the United States acting in his official capacity." 28 U.S.C. § 2412(d)(2)(C).

Plaintiff's successful claims do not fall within the ambit of EAJA. Plaintiff prevailed against Defendants McMenimen and Yamashita in a *Bivens* action. A *Bivens* action is a suit for damages "against the employee in his individual rather than his official capacity, and is therefore not a suit against the sovereign at all." *Holloman v. Watt*, 708 F.2d 1399, 1402 (1983) *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Thus, in prevailing in her *Bivens* action, Plaintiff has not prevailed in an action brought "by or against the United States" as EAJA defines that phrase. *See id.* (If suit were against individual defendants as officials of the United States and not as individuals, reliance on *Bivens* would be misplaced).

Moreover, because the United States was not a party to Plaintiff's *Bivens* suit and could not be found liable on the merits for the claims asserted therein, Plaintiff is not entitled to collect attorneys' fees from the United States for legal work performed on that action. *See Kentucky v. Graham*, 473 U.S. 159, 165, 168, 105 S.Ct. 3099, 3104–05, 3106–07, 87 L.Ed.2d 114 (1985) (There is no fee liability where, because of legal immunity or otherwise, the party from whom fees are sought cannot be held liable on the merits).

Thus, EAJA does not permit Plaintiff to collect attorneys' fees for time spent prosecuting Plaintiff's *Bivens* claim. *Accord, Lauritzen v. Lehman*, 736 F.2d 550, 559 (9th Cir.1984) (noting that EAJA awards are inappropriate in *Bivens* actions). Because EAJA does not apply, the court need not consider whether the position of the United States was "substantially justified" or whether "special circumstances" render a fee award "unjust."

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees is DENIED.