**Lorna KREINES, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant,**

**and**

**Jack McMenimen; Wayne Yamashita, Defendants–Appellees.**

No. 93–15071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 1994.

Decided Aug. 26, 1994.

Nancy G. Krop, Law Offices of Daniel Robert Bartley, Larkspur, CA, for plaintiff-appellant.

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, CA, for defendants-appellees.

Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.

GOODWIN, Circuit Judge:

Lorna Kreines appeals from an order denying her post-judgment motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1988). The district court ruled that because Kreines prevailed in her civil action against two federal officers in their *individual* capacities, she is not entitled to attorney's fees under the EAJA. *Kreines v. United States,* 812 F.Supp. 164 (N.D.Ca.1992). We have

jurisdiction under 28 U.S.C. § 1291, and affirm.

In January 1987, Kreines filed a complaint against the United States and various state, individual, and Doe defendants for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for violation of her Fourth Amendment rights in connection with the search of a home in Sausalito, California in which Kreines was renting a studio apartment. She prevailed on her claim against defendants Jack McMenimen, an IRS agent, and Wayne Yamashita, a U.S. Customs agent, and the court entered judgment of $7,000 against each individual defendant. This court affirmed. *See Kreines v. United States,* 959 F.2d 834 (9th Cir.1992). The United States paid the $14,000 judgment against the two officers.

After the appeal, Kreines moved the district court for attorney's fees under the EAJA, seeking approximately $242,500 in attorney's fees, and $15,000 in pre-appeal costs. The district court denied this motion. Kreines now appeals that ruling. We review de novo the district court's interpretation of the EAJA. *Lauritzen v. Lehman,* 736 F.2d 550, 553 (9th Cir.1984).

Kreines seeks attorney's fees under § 2412(d)(1)(A) of the EAJA. That subsection directs the court, except as otherwise provided by statute, to award attorney's fees to a prevailing party in a civil action against the United States, unless the position of the United States "was substantially justified or ... special circumstances make an award unjust." *Id.*[1] The EAJA defines the United States to include "any agency and any official of the United States acting in his or her *official capacity.*" *Id.* § 2412(d)(2)(C) (emphasis added).

---

1. The subsection reads in full:

   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   28 U.S.C. § 2412(d)(1)(A).

The district court held that because *Bivens* actions are claims against federal officials in their individual capacities, they are not "official capacity" claims against the United States. The court cited our decision in *Lauritzen*, in which we stated in dicta that § 2412(d) does not authorize a fee award in a *Bivens* action "[b]ecause *Bivens* actions are against governmental employees in their individual capacities." 736 F.2d at 558 n. 10.

Kreines argues that courts should award attorney's fees in *Bivens* actions under § 2412(d) in cases when the government defends its employees and pays any adverse court judgment against them. She argues that § 2412(d)'s plain language, as well as its legislative history and policy underpinnings, requires such awards. For the following reasons, we disagree.

1. *Plain Language of § 2412(d)*

Kreines first contends that the statute's plain language authorizes the award of attorney's fees in *Bivens* actions. She argues that the word "acting" in the phrase "acting in his or her official capacity," § 2412(d)(2)(C), refers to the official's capacity *when the tort occurred,* not the capacity in which the official is sued. She notes that in order to state a *Bivens* claim, a plaintiff must show that the relevant officials were acting under "color of federal law." Thus, even though a *Bivens* claim is brought against federal agents in their *individual* capacities, she argues that the agents must have been *acting* in their official capacities within the meaning of § 2412(d).

Although this argument is appealing, it fails under closer scrutiny. First, whether the EAJA applies or not depends on the nature of the civil action, not the nature of the government actor's conduct. The EAJA provides that fees shall be awarded "in any civil action ... brought by or against the United States." § 2412(d)(1)(A) (emphasis added). Simply put, Kreines' action is not a civil action brought by or against the United States: it is an action against individual federal officers. Second, while the federal officers acted under color of federal law when executing the search warrant, they are liable under *Bivens* because their actions *exceeded the scope of their legal authority.* Thus, it cannot be said that the officers acted as agents of the United States, within their official capacity, when they violated Kreines' rights. In *Kentucky v. Graham,* the Supreme Court explained the difference between individual and official capacity suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (citations omitted). The Court concluded that "[a] victory in a personal-capacity action is a victory against the individual, rather than against the entity that employs him." *Id.* at 167–68, 105 S.Ct. at 3106.

Kreines argues, however, that although her action was nominally against the individual federal officers, it was in essence against the United States. She cites a footnote in *Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), to argue that the "dispositive inquiry" in deciding whether an action is "in reality one against the Government," is "who will pay the judgment?" *Id.* at 542 n. 10, 100 S.Ct. at 784 n. 10. She notes that here, the U.S. Attorney's Office provided the legal defense for the officers and the United States government paid the $14,000 judgment on the two officers' behalf.

However, Kreines's reliance on *Stafford* is misplaced. *Stafford* addressed the proper interpretation of the Mandamus and Venue Act of 1962, 28 U.S.C. § 1391(e),[2] which was

---

2. This provision provides:

   § 1391. Venue generally

   ....

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof *acting in his official capacity or under color of legal authority,* ... [may] be

designed to allow nationwide venue in civil actions where the action was "essentially against the United States." *Id.* at 540, 100 S.Ct. at 782. The Court in *Stafford* held that *Bivens* actions, which are individual capacity actions, are *not* within the scope of § 1391(e)'s language. *Id.* at 542–45, 100 S.Ct. at 783–85 ("A suit for money damages which must be paid out of the pocket of the private individual who happens to be … employed by the Federal Government plainly is not one 'essentially against the United States.'"). In the footnote Kreines relies on, the Court explained that in deciding whether an action is in reality against the government, one should look to whether the suit seeks a money judgment *against the individual,* as opposed to the government. *Id.* at 542 n. 10, 100 S.Ct. at 784 n. 10. In this case, Kreines action sought a money judgment against the individual officers. The fact that the United States volunteered to pay the judgment does not change the outcome. The United States is not legally obligated to defend its employees in a *Bivens* action, nor pay any subsequent judgment. Such payments are wholly discretionary. *See* 28 C.F.R. § 50.15(a).

Furthermore, the Supreme Court in *Stafford* read the broader language of § 1391(e), which covered civil actions against federal officers acting either in their "official capacity or under color of legal authority," as not encompassing individual capacity actions. In light of *Stafford,* we decline to read § 2412(d)'s more limited language to encompass *Bivens* actions.

2. *Legislative History and Policy Rationale*

Kreines next argues that the EAJA's legislative history and underlying policy support her position that attorney's fees should be paid by the government in *Bivens* actions. She notes that the House Committee on the Judiciary Report states that § 2412(d)(1)(A) "applies to all civil actions except those sounding in tort (*but does not exclude Constitutional torts*) and those already covered

by existing fee-shifting statutes." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 *U.S.Code Cong. & Admin.News* 4953, 4997 (emphasis added). Kreines argues that the sole vehicle for bringing constitutional tort actions to redress federal officials' constitutional violations is a *Bivens* suit. Thus, Kreines argues that Congress must have intended § 2412(d) to encompass *Bivens* actions.

We first note that when Congress has expressed itself "in reasonably plain terms," the statutory language "'must ordinarily be regarded as conclusive.'" *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 570, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982) (citing *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)); *see also Ratzlaf v. United States,* —— U.S. ——, ——, 114 S.Ct. 655, 662, 126 L.Ed.2d 615 (1994) ("we do not resort to legislative history to cloud a statutory text that is clear"). As we have discussed above, the statutory language at issue here is reasonably clear. In contrast, the reference to "constitutional torts" in the House Report is vague. The words may simply refer to injunction actions against government employees in their official capacity for wrongful or tortious conduct. In any event, courts are not required to "treat [ ] one cryptic sentence as dispositive of the legislative intent." *Stafford,* 444 U.S. at 540 n. 8, 100 S.Ct. at 782 n. 8. We decline to expand the EAJA's reach to encompass *Bivens* actions, which are brought against rogue officers who step outside the scope of their official duties, without a more definitive expression from Congress that it intends such a result.

Kreines also argues that awarding attorney's fees in *Bivens* actions would further the purpose behind the EAJA. Kreines contends that plaintiffs like herself have a disincentive to pursue their rights because the ultimate money judgment is often dwarfed by the cost of attorney's fees. While we might agree that the EAJA's purpose may be ad-

brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.
28 U.S.C. § 1391(e) (emphasis added).

vanced by awarding fees in cases such as Kreines', § 2412(d) is not the right tool to achieve this result. As we have discussed, a *Bivens* action is not a "civil action ... against the United States" within the plain meaning of § 2412(d). And because the EAJA is a limited waiver of the government's sovereign immunity, it must be strictly construed in favor of maintaining immunity not specifically and clearly waived. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983); *In re Perry,* 882 F.2d 534, 538 (1st Cir.1989).

### 3. *Analogy to § 1983 Actions*

Finally, Kreines argues that a refusal to award attorney's fees in *Bivens* actions, while awarding such fees in parallel civil rights actions brought under § 1983, inequitably favors federal officers over state officers. However, this circuit and others have expressly rejected this argument in the context of § 2412(d)'s companion federal fee-shifting provision, § 2412(b),[3] and the reasoning of those decisions is applicable here. *See Lauritzen,* 736 F.2d at 553–54 (attorney's fees under EAJA's § 2412(b) are not available when suit is against federal officers despite analogy to § 1983 and § 1988); *Martin v. Heckler,* 773 F.2d 1145, 1152–54 (11th Cir. 1985) *(en banc)* (same); *Saxner v. Benson,* 727 F.2d 669, 673 (7th Cir.1984) (same), *aff'd sub nom. Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Moreover, unlike in § 1988, which provides for fees from the actual defendant, the EAJA provides for fees only from the United States, which of course is never a party to a *Bivens* action.

In sum, we hold that § 2412(d) does not authorize the courts to award attorney's fees against the United States in *Bivens* actions. Federal agents are sued in their individual capacities rather than their official capacities in *Bivens* actions; thus, a *Bivens* action is not a "civil action ... against the United

States" under § 2412(d). For these reasons, the district court's judgment is

**AFFIRMED.**

---

**3.** Section 2412(b) gives the court discretion to award fees and costs to the prevailing party in a civil action against the United States or any official acting in official capacity when the com-

mon law or the terms of a statute specifically provide for such an award against any other party.