**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE NANETTE MARIE SISK, *Debtor*, | No. 18-17445 |
| | D.C. No. 5:16-bk-50548 |
| NANETTE MARIE SISK, *Appellant*. | |

| | |
|---|---|
| IN RE MARK IRVIN CANDALLA, *Debtor*, | No. 18-17446 |
| | D.C. No. 5:16-bk-50659 |
| MARK IRVIN CANDALLA, *Appellant*. | |

| | |
|---|---|
| IN RE JERI LYLE SALDUA MERCADO, *Debtor*, | No. 18-17447 |
| | D.C. No. 5:16-bk-50651 |
| JERI LYLE SALDUA MERCADO, *Appellant*. | |

| IN RE DENNIS MICHAEL ESCARCEGA, *Debtor*, | No. 18-17448 |
| DENNIS MICHAEL ESCARCEGA, *Appellant*. | D.C. No. 5:16-bk-50368 |
| | ORDER |

Filed September 1, 2020

Before: Kim McLane Wardlaw, Milan D. Smith, Jr. and Patrick J. Bumatay, Circuit Judges.

Order

## SUMMARY*

### Bankruptcy / Equal Access to Justice Act

The panel filed an order denying applications for attorney fees under the Equal Access to Justice Act, filed by debtors in four bankruptcy appeals.

The panel reversed the bankruptcy court's and the Bankruptcy Appellate Panel's denial of Chapter 13 bankruptcy plans and held that the Bankruptcy Code allowed the debtors' original plans to be confirmed. As the prevailing parties, debtors then moved for attorney fees against the lower courts pursuant to the EAJA, which

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

authorizes fees incurred by a prevailing party in a civil action brought by or against the United States. The panel held that the EAJA did not authorize attorney fees because a bankruptcy court does not fall within the EAJA's definition of "United States," and uncontested bankruptcy cases are not "civil actions brought by or against the United States."

## COUNSEL

Norma L. Hammes, James J. Gold, and Lucinda L.H. Gold, Gold and Hammes, San Jose, California, for Debtor-Appellants Nanette Marie Sisk, Mark Irvin Candalla, and Dennis Michael Escarcega.

James S.K. Shulman, Shulman Law Offices, San Jose, California, for Debtor-Appellant Jeri Lyle Saldua Mercado.

## ORDER

We consider applications for attorney fees pursuant to the Equal Access to Justice Act (''EAJA''), 28 U.S.C. § 2412(d), in four bankruptcy appeals. Because the applications present similar issues, we consider them together.

## I.

This case first came before us from the bankruptcy court and Bankruptcy Appellate Panel ("BAP") after Debtors appealed the denial of their initial Chapter 13 bankruptcy plans. The Debtors' preferred plans included estimated, rather than fixed, plan durations, which no trustee or creditor had opposed. *In re Sisk*, 962 F.3d 1133, 1140 (9th Cir.

2020). Nevertheless, the bankruptcy court and BAP rejected the proposals sua sponte. *Id.* We reversed and held that the Bankruptcy Code allowed Debtors' original plans to be confirmed. *Id.* at 1151. As the prevailing parties, Debtors have now filed a timely motion for attorney fees against the lower courts pursuant to the EAJA. We deny it.

## II.

"[B]ecause the EAJA is a limited waiver of the government's sovereign immunity, it must be strictly construed in favor of maintaining immunity not specifically and clearly waived." *Kreines v. United States*, 33 F.3d 1105, 1109 (9th Cir. 1994). It provides, in relevant part:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party *in any civil action* . . . including proceedings for judicial review of agency action, *brought by or against the United States* . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

Debtors contend that (1) the bankruptcy court and BAP are organs of "the United States" for purposes of the EAJA, and that (2) their bankruptcy cases constitute "civil actions[s] . . . brought by or against the United States." *Id.* The text of the EAJA, coupled with the presumption of sovereign immunity, forecloses both arguments.

First, a bankruptcy court does not clearly fall within the EAJA's definition of "United States." On its face, the

statute's definition of "United States" appears to encompass bankruptcy judges: "any . . . official of the United States acting in his or her official capacity." *Id.* § 2412(d)(2)(C). But, problematically for Debtors, § 2412(d)(1)(A) also uses "court" in the same sentence as "United States," which strongly indicates that the terms "court," "agency," and "official" are not coterminous. *See S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) ("It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words."). Moreover, the statute itself provides separate definitions for the terms "court" and "United States," signifying their distinct meanings. *Compare* 28 U.S.C. § 2412(d)(2)(F), *with id.* § 2412(d)(2)(C).

Second, uncontested bankruptcy cases do not clearly constitute "civil action[s] brought by or against the United States" within the meaning of the EAJA.[1] In contrast to cases where the United States plays an active, adversarial role in the adjudication, such as immigration or social security cases, *see, e.g.*, *Meier v. Colvin*, 727 F.3d 867, 871 (9th Cir. 2013); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005), the United States has no such involvement in uncontested bankruptcy matters. Nor are uncontested Chapter 13 bankruptcy cases "brought by or against" the United States—they are brought by Debtors seeking relief from their creditors.

---

[1] The EAJA's spare definition of a "civil action brought by or against the United States" provides no help to Debtors, as their appeals are not brought "by a party . . . from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Government or pursuant to chapter 71 of title 41." 28 U.S.C. § 2412(d)(2)(E).

\* \* \*

We acknowledge that Debtors' counsel expended considerable time and resources pursuing these ultimately successful appeals. The EAJA, however, does not clearly authorize attorney fees under these circumstances. Accordingly, Debtors' applications for attorney fees are **DENIED**.