Lorna KREINES, Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant,

and

Jack McMenimen; Wayne Yamashita,
Defendants–Appellants.

No. 90–16376.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1992.

Decided March 26, 1992.

Before GOODWIN, FARRIS and POOLE, Circuit Judges.

FARRIS, Circuit Judge:

Federal agents Jack McMenimen and Wayne Yamashita appeal the district court's judgment in favor of Lorna Kreines on her *Bivens* claim for violation of her Fourth Amendment rights. They also appeal the district court's denial of their motion for judgment notwithstanding the verdict. We affirm.

I

In 1985, an inter-agency police task force obtained information that John Rupp, residing in what appeared to be a one-family home at 28 Filbert Street in Sausalito, was involved in narcotics trafficking and money laundering on behalf of narcotics dealers. On January 22, 1986, members of the task force, led by McMenimen and Yamashita, executed a warrant to search the premises at 28 Filbert.

Kreines resided at 28 Filbert, on the lower level in a unit that was internally separated but accessible to the primary unit. She had a written six month lease for her unit. In executing the search warrant the federal agents entered Kreines' bedroom. Mark Bastan, a federal customs agent, entered first followed by McMenimen, an IRS agent, who later requested that agent Anne Harrington assist in Kreines' interrogation. Agent Yamashita also entered Kreines' room to inquire into her relationship to Rupp and the house. Kreines immediately showed the first agent her written lease but interrogation of her continued for at least 45 minutes (including at least one personal indignity) before the task force concluded that Kreines was not involved in Rupp's activity and told her that she was free to leave.

In January, 1987, Kreines brought suit in state court against the United States and various state and individual defendants. Her original complaint also named fifty Doe defendants but neither McMenimen

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellants.

Lynn S. Searle, Law Offices of Daniel Robert Bartley, San Francisco, Cal., for plaintiff-appellee.

nor Yamashita. The suit was subsequently removed to federal court.

Her amended complaint sought relief (1) under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violation of her Fourth Amendment rights, (2) under the Federal Tort Claims Act for negligence, trespass, assault, invasion of privacy and false imprisonment, and (3) against Rupp and others, in contract and tort, for violation of her lease rights. The lease claim was eventually remanded to state court. The remaining claims went to trial together, with the *Bivens* claim tried to a jury and the FTCA claim tried to the court.

The jury brought in a verdict against McMenimen and Yamashita on the *Bivens* claim, and the court entered judgment for $7,000 in compensatory damages against each of them on April 19, 1990. The court denied their motion for judgment notwithstanding the verdict and for a new trial on June 7, 1990. The court entered judgment in favor of the United States on the FTCA claim on July 23, 1990. On July 31, 1990, McMenimen and Yamashita filed a motion to vacate the judgment against them, based on the judgment entered on the FTCA claim. The court denied the motion on September 20, 1990. McMenimen and Yamashita filed a notice of appeal on the same date.

## II

■ Because McMenimen and Yamashita did not move for a directed verdict at the close of evidence, we review the district court's refusal to grant a motion for judgment notwithstanding the verdict for plain error. *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 883 (9th Cir.1990). The verdict must be upheld unless there is "an absolute absence of evidence" to support it. *Id.* We review issues of law *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## III

### (A) *Timeliness of Appeal*

■ Kreines contends that dismissal is proper because McMenimen and Yamashita failed to file a timely notice of appeal.

Fed.R.Civ.P. 54(b) provides:

When more than one claim is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any other order or form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....

The judgment on the *Bivens* claim, dated April 19, 1990, does not contain an express determination that there was no reason for delay, and it does not expressly direct entry of a final judgment. It therefore became final when the court disposed of the remaining FTCA claims by judgment entered July 23, 1990.

In cases in which the United States or its officers are involved, Fed.R.App.P. 4(a)(1) permits a party to file a notice of appeal within sixty days of judgment. McMenimen and Yamashita filed notice of appeal on September 23, 1990, fifty-nine days after entry of final judgment. The appeal was timely.

### (B) *Statute of Limitations*

■ A state's personal injury statute of limitations provides the applicable time limit for filing a *Bivens* claim in that state. *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir.1991). In California, a personal injury claim must be filed within one year of its accrual. Cal.Civ.Proc.Code § 340(3) (West 1982 & Supp.1991).

Kreines' *Bivens* claim accrued on January 22, 1986, the date on which the task force executed the warrant. Kreines filed

her original complaint in state court on January 21, 1987. It named the FBI, the U.S. Customs Service and fifty Doe defendants, but neither McMenimen or Yamashita. The two were specifically named when Kreines filed her amended complaint in federal court on February 22, 1988. The question is whether the amended complaint relates back to the original state court filing.

█ Kreines does not contend that the federal relation back rule, Fed.R.Civ.P. 15(c), applies. She argues that her substitution of McMenimen and Yamashita for unspecified Doe defendants comports with California practice. Cal.Civ.Proc.Code § 474 provides that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, ... and such defendant may be designated in any pleading by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...." California law permits such substitution up to three years after commencement of the suit. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1463 (9th Cir. 1988).

We have approved use of the substitution rule in a § 1983 suit. *Id.* at 1462–64. A *Bivens* suit differs from a § 1983 suit only in that a federal, rather than a state, defendant is sued, *Van Strum*, 940 F.2d at 409. We will therefore apply § 474 if Kreines has met the requirements of the statute.

The ignorance requirement of § 474 has not been interpreted literally. "A plaintiff is 'ignorant of the name' if he knows the identity of the person but is ignorant of the facts giving him a cause of action against such person." *Wallis v. Southern Pacific Transportation Co.*, 61 Cal.App.3d 782, 132 Cal.Rptr. 631, 633 (1976).

More recently, a California court has explained that "[s]ection 474 allows a plaintiff in good faith to delay suing particular persons as named defendants until he has knowledge of sufficient facts to cause a reasonable person to believe that liability is probable." *Dieckmann v. Superior Court*, 175 Cal.App.3d 345, 220 Cal.Rptr.

602, 614 (1985). This standard was applied even though Dieckmann had known the name of the manufacturer he sought to substitute for a Doe defendant. *Id.* 220 Cal.Rptr. at 613. The court cautioned that the assessment of potential liability should not be made with the acuity of hindsight. *Id.* at 614.

The district court properly permitted Kreines to substitute McMenimen and Yamashita for Doe defendants. Assuming, as Yamashita contends, that Kreines was given his name at the time of the search, the pivotal question is whether the probability of his liability was known at that time. We cannot say that this record establishes that at the time of filing, Kreines had access to sufficient highly relevant facts upon which the question of potential liability turned. The immunity inquiry is highly fact-oriented, requiring a determination that investigatory conduct was reasonable in light of the officer's knowledge at the time. *See, e.g., Maryland v. Garrison*, 480 U.S. 79, 85, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72 (1987). Only after initiating suit was Kreines able to develop through discovery the facts (1) that McMenimen and Yamashita were the leaders of the search and (2) that the task force became aware that Kreines was a tenant at 28 Filbert during a pre-search investigation.

Section 474 is to be construed liberally to accomplish its purpose. *See, e.g., Wallis*, 132 Cal.Rptr. at 633 ("The purpose of the statute is to enable a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant."). Further, substitution avoids the necessity of indiscriminately naming all known persons who may potentially be connected to a suit and encourages reasoned substitution for fictitious defendants after resort to discovery. *Cf. Munoz v. Purdy*, 91 Cal.App.3d 942, 154 Cal.Rptr. 472, 475–76 (1979) ("[T]he interjection of a discovery standard into section 474 would lead to the harmful practice in all litigation of requiring that all persons who might conceivably have some connection with the suit be specifically named in order to avoid the sanc-

tions of the failure to comply with ... section 474.'').

#### (C) *Relation Between FTCA and Bivens Judgments*

■ McMenimen and Yamashita contend that the judgment bar provided at 28 U.S.C. § 2676 relieves them of liability for damages on Kreines' *Bivens* claim.

Section 2676 provides:

The judgment in an [FTCA] action ... shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

The question is whether § 2676 applies when the judgment on the FTCA claim (a) has become final contemporaneously with the judgment on a *Bivens* claim arising from the "same subject matter" and (b) has been favorable to the government.

Although the language of the statute refers to a bar of "any action," it fails to resolve the question of whether the bar applies to other claims raised in the same action.

Congress' primary concern in enacting the bar was to prevent multiple lawsuits on the same facts. *See Hearings Before the House Committee on the Judiciary on H.R. 5373 and H.R. 6463,* 77th Cong., 2d Sess. 9 (1942) (statement of Francis Shea, Assistant Attorney General). That concern is absent when suit is brought contemporaneously for FTCA and other relief.

McMenimen and Yamashita rely on *Arevalo v. Woods,* 811 F.2d 487 (9th Cir.1987). In *Arevalo,* we barred a contemporaneous *Bivens* judgment against a federal employee because the plaintiff prevailed on his FTCA claim against the government. *Id.* at 489–90. We thereby read § 2676 to preclude dual recovery against the government and its employees. *See also Ting v. United States,* 927 F.2d 1504, 1513 n. 10 (9th Cir.1991); *Hearings on H.R. 5373 and H.R. 6463,* at 9. There is no threat of dual recovery here because Kreines did not prevail on her FTCA claim.

McMenimen and Yamashita also argue that our distinction between judgments favorable and judgments unfavorable to the government is inconsistent with the plain language of § 2676, which only speaks in terms of "judgments." That argument ignores the requirement that the statute be read as a whole. The statute states that an FTCA judgment bars an "action." The text is ambiguous on the question of whether an FTCA judgment favorable to the government bars a contemporaneous *Bivens* judgment. We are thus free, in this narrow context, to consider the possibility that the *quality* of the FTCA judgment may have a bearing on its effect on contemporaneous judgments.

We resolve the ambiguity by reference to the intent of Congress. The statutory bar was conceived by Congress primarily to prevent dual recoveries arising from additional, subsequent litigation. We conclude that § 2676 does not preclude *Bivens* relief in this case. Our conclusion is consistent with the scant case law and commentary on the subject. *See, e.g., Moon v. Price,* 213 F.2d 794, 796–97 (5th Cir.1954); L. Jayson, 1 *Handling Federal Tort Claims: Administrative and Judicial Remedies* § 178.02, at 6–93 (1991).

#### (D) *Judgment Notwithstanding the Verdict*

Citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), McMenimen and Yamashita argue that it was plain error for the district court to refuse to grant their motion for judgment notwithstanding the verdict. They contend that the court's finding (with respect to the FTCA claim) that they acted at all times with due care, shields them from *Bivens* liability because of qualified immunity.

■ Government officials enjoy qualified immunity in the performance of discretionary functions as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would be aware. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. This standard is applied based on the facts available at the time of the conduct. *Maryland v. Garri-*

*son,* 480 U.S. 79, 85, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72 (1987).

■ In the context of an allegedly illegal search, "sufficient probability, not certainty, is the touchstone of reasonableness." *Hill v. California,* 401 U.S. 797, 803, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484 (1971) (quoted in *Garrison,* 480 U.S. at 79, 107 S.Ct. at 1014). The reasonableness of an officer's conduct depends on the information that becomes available as the search proceeds. *Garrison,* 480 U.S. at 87, 107 S.Ct. at 1018.

■ Even though the trial court, as the trier of fact in the FTCA claim, found that the officers acted with due care, the record contains ample evidence from which the jury could have properly concluded that McMenimen and Yamashita violated Kreines' constitutional rights when they continued their search of her quarters after learning that she maintained a separate residence at 28 Filbert. The task force's pre-search investigation revealed that a woman was renting a room from Rupp at 28 Filbert. Kreines' quarters were marked with the number "A–28." Kreines produced her lease shortly after the officers entered her room. The search was continued for a substantial period of time thereafter. The task force knew Kreines' work and home phone numbers and knew that those numbers differed from Rupp's. We cannot say from this record that the jury erred in its conclusion that McMenimen and Yamashita, as on-site task force leaders, continued the search of Kreines' quarters even after they came into possession of information that made it unlikely and unreasonable to believe that she was involved in Rupp's criminal activity. Record support of the jury finding that McMenimen and Yamashita violated Kreines' Fourth Amendment rights precludes a holding that it was plainly erroneous for the district court to refuse to grant the motion for judgment notwithstanding the verdict.

■ McMenimen and Yamashita contend as a matter of policy that they should not be expected to consider their nontortious conduct to be potentially unconstitutional. We reject the argument. In the context of the Fourth Amendment, the constitutional criteria for lawful conduct are distinct from those imposed by state tort law.

**(E) *Attorneys' Fees***

■ Kreines seeks attorneys fees on appeal. Although we have discretion to grant fees, *see, e.g., F.E. Trotter, Inc. v. Watkins,* 869 F.2d 1312, 1319 (9th Cir.1989) (considering but declining to grant fees requested on appeal of *Bivens* suit), we decline to do so. The § 2676 bar issue as well as other questions raised justified the appeal.

Each side shall bear its own costs and fees.

AFFIRMED.