**H.P. WARLICK and Thelma H. Warlick, Plaintiffs,**

v.

**Yolanda Newson WILSON, Bob Nelson and United States Department of Transportation, Defendants.**

No. 6:94CV00228.

United States District Court, M.D. North Carolina.

July 18, 1995.

Bryan Douglas Martin, Donald L. Murphy, P.A., Greensboro, NC, for plaintiffs.

Walter C. Holton, Jr., Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, for defendants.

### *MEMORANDUM OPINION AND ORDER*

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on defendants' Motion to Dismiss the Complaint. For the reasons stated herein, the Motion will be granted.

### FACTS

On May 9, 1994 plaintiffs filed a two-page pro se complaint. The complaint alleges that defendant Wilson, while in the employment of the United States Department of Transportation and under defendant Nelson's supervision, violated plaintiffs' civil rights. Plaintiffs allege that Wilson "illegally entered their home and assaulted" Thelma Warlick and as a result plaintiffs suffered "permanent injuries, pain and suffering, emotional trauma, and medical bills."

Defendants moved to dismiss the complaint on July 5, 1994. After several extensions of time, plaintiffs eventually obtained an attorney and additional facts were presented in the memorandum opposing the Motion to Dismiss which was filed on October 21, 1994.

The facts contained in plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, but never incorporated into the pleadings, are as follows: Plaintiff H.P. Warlick owned and operated a trucking company known as Warlick Carolina Transport. On May 9, 1991, defendant Wilson arrived at plaintiffs' residence and requested access to Warlick Carolina Transport's records for a safety compliance check.[1] Defendant Wilson was a special agent/safety specialist with the United States Department of Transportation, Office of Motor Carriers.

Plaintiff H.P. Warlick allegedly informed defendant Wilson that both plaintiffs were preparing to leave for doctor's appointments and a meeting could be scheduled for a later time. Defendant Wilson then allegedly left plaintiffs' residence but subsequently returned and demanded access to the records.

Thelma Warlick then entered the room and told defendant Wilson to leave. Defendant Wilson refused to leave and Thelma Warlick approached defendant Wilson. Plaintiffs then allege that defendant Wilson grabbed Thelma Warlick's arms and repeatedly threw her against the kitchen counters. Plaintiffs failed to allege any facts regarding injuries suffered by H.P. Warlick.

None of the above facts were contained in the complaint nor has plaintiff attempted to amend the complaint to allege any additional facts.

### DISCUSSION

Defendant has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion should only be granted in very limited circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The Fourth Circuit has stated that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of

---

1. While it is not clear from the papers before the Court, it appears that the records sought by Ms. Wilson were maintained in the Warlicks' residence.

facts which could be proved in support of his claim." *Id.*

Based on *Rogers*, the question becomes whether the Complaint, taken in the light most favorable to plaintiff, states any valid claim for relief. In deciding whether a claim has been stated, Rule 8 of the Federal Rules of Civil Procedure requires only "notice pleading" such that a defendant receives fair notice from the complaint of the claim and the grounds on which the claim rests. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiffs initially concede to the dismissal of defendant Nelson and the United States Department of Transportation. Accordingly, defendants' Motion to Dismiss with respect to Bob Nelson and the United States Department of Transportation is granted.

■ The sole remaining defendant is Ms. Wilson. The United States Attorney, in accordance with the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2679(b), (d), certified that Ms. Wilson was acting within the scope of her federal employment during the alleged incident. 28 U.S.C. §§ 2671–2689 provides that the United States shall be liable to the same extent as a private person for injury or negligence due to the negligence or wrongful action of a government employee acting within the scope of his employment in accordance with the law of the place where the wrongful act occurred. 28 U.S.C. § 2679(d)(2) states that after certification that "the defendant employee was acting within the scope of his office or employment at the time of the incident", then such action shall be "deemed to be an action or proceeding brought against the United States" and the "United States *shall be* substituted as the party defendant" (emphasis added). Therefore, the United States is substituted as the sole defendant in the action.

■ The United States is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The FTCA waives the sovereign immunity of the United States so long as certain terms and conditions are satisfied. *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). One of the conditions is that an action be filed within six months of final claim denial or within two years of the incident. 28 U.S.C. § 2401(b). The requirements of this section are jurisdictional and must be fully satisfied before a FTCA suit can be maintained. *Berkman v. United States*, 957 F.2d 108 (4th Cir.1992).

■ The alleged incident occurred on May 9, 1991 and the complaint was filed on May 9, 1994. Plaintiffs do not deny that they failed to timely file an administrative claim in accordance with 28 U.S.C. § 2401(b). Even if plaintiffs had properly filed an administrative claim, the two year limitation period requires an action be filed within two years of the alleged incident. This action was filed three years after the incident. Clearly plaintiffs failed to comply with the jurisdictional limitations periods and all tort claims must be dismissed. Accordingly, defendants' Motion to Dismiss all tort claims will be granted.

■ Plaintiffs also argue that this action also alleges a violation of plaintiffs' constitutional civil rights in violation of 42 U.S.C. § 1983. There is no federal statute of limitation governing 42 U.S.C. § 1983 so "the appropriate limitation period is the most relevant period provided by state law." *Lugo v. City of Charlotte*, 577 F.Supp. 988 (W.D.N.C. 1984). In North Carolina, the most relevant limitation period is the three years limitation period in N.C.G.S. § 1–52(2) which apples to all "liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it." *Id.* at 989. Since the alleged actions by defendant Wilson occurred less than three years before this action was filed, this action is not barred by the statute of limitations.

■■ Defendants contend that even if the civil rights claim was timely filed, plaintiffs failed to adequately plead a claim. Government officials, performing discretionary functions, have a qualified immunity which shields them from civil damage liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The Supreme Court noted in *Anderson* that damage suits against

government officials can entail substantial social costs and can likely unduly inhibit official in the discharge of their duties. *Id.* at 638, 107 S.Ct. at ——.

In order to protect government officials and to prevent the inhibition of official duties, the Fourth Circuit has required claims against the United States meet a heightened standard. *Dunbar Corp. v. Lindsey*, 905 F.2d 754 (4th Cir.1990). Some courts have required plaintiffs to "specify the 'clearly established' rights they allege to have been violated with 'sufficient( ) precis(ion) to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds.'" *Id.* at 763.

It is clear that claims against the United States for violation of an individuals civil rights must be plead with more specificity that ordinary claims. In the present action, plaintiffs only allege that defendant Wilson entered plaintiffs' home and assaulted Ms. Warlick. Plaintiffs fail to allege any details regarding the alleged incident nor do plaintiffs allege which clearly established constitutional rights were violated. Plaintiffs simply make a conclusory allegation that their constitutional rights were violated.

In pleading a violation of their constitutional rights by the United States, plaintiffs are required to specifically plead exactly which constitutional rights were violated, how, and by whom. Plaintiffs failed to satisfy this higher standard of pleading. Accordingly, plaintiffs have failed to adequately state a claim for violation of their constitutional rights by the United States. Therefore, defendants' Motion to Dismiss will be granted.

**IT IS THEREFORE, ORDERED** that defendants' Motion to Dismiss be, and the same hereby is, **GRANTED.**