Charles Lentz FREEZE, Plaintiff,

v.

UNITED STATES of America, and Dr. Donald Durham Volkmer, Defendants.

No. CIV.1:03 CV 00596.

United States District Court, M.D. North Carolina.

Nov. 15, 2004.

Charles Lentz Freeze, China Grove, NC, pro se.

Lynne P. Klauer, Office of U.S. Attorney, Greensboro, NC, for Defendant.

### *MEMORANDUM OPINION*

BULLOCK, District Judge.

Plaintiff brought the present action *pro se* against Dr. Donald Durham Volkmer[1] on June 25, 2003, alleging constitutional violations and common law torts. On November 6, 2003, the United States Attorney filed a notice of substitution for the purpose of substituting the United States of America for defendant Volkmer as a party to this action and certified that defendant Volkmer was acting within the scope of his federal employment at the time of the incidents giving rise to the suit. For the reasons stated herein, the court will grant Defendants' motion to dismiss.

### DISCUSSION

I. *Standard of Review*

In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the

---

1. The caption of this case is incorrect in that the correct spelling of the individual defendant's name is "Volkmer," not "Volkner."

light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

## II. *Defendant Volkmer is Absolutely Immune from Plaintiff's State Law Tort Claims*

■ Plaintiff's complaint names "Dr. Donald Durham Volkner," Plaintiff's father's physician at the Salisbury Veterans Administration Medical Center, as a defendant in this matter. (Pl.'s Compl. at 1.) The Federal Torts Claim Act (FTCA), as amended by the Liability Reform Act, provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States District Court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

Here, the United States Attorney for the Middle District of North Carolina certified that defendant Volkmer acted within the scope of his federal employment at the time of the incidents alleged in Plaintiff's complaint. Accordingly, Plaintiff's state law tort claims are "deemed an action against the United States," 28 U.S.C.

§ 2679(d)(1), and "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded," 28 U.S.C. § 2679(b)(1). *See also Warlick v. Wilson*, 902 F.Supp. 90, 92 (M.D.N.C.1995) (substituting the United States as the defendant in the tort action against an employee of the United States Department of Transportation). Accordingly, defendant Volkmer is entitled to absolute immunity from Plaintiff's state tort claims. *See United States v. Smith*, 499 U.S. 160, 163, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) ("The Liability Reform Act establishes . . . absolute immunity for Government employees . . . . The Act confers such immunity by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment.").

## III. *Plaintiff's Common Law Tort Claims are Barred by 28 U.S.C. Section 2675 for Failure to Exhaust his Administrative Remedies*

■ It is well established that the United States Government, as a sovereign, is immune from suit unless it consents to be sued. *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir.1990); *see also College v. United States*, 411 F.Supp. 738, 739 (D.Md.1976), *aff'd*, 572 F.2d 453 (4th Cir.1978) ("Absent consent, sovereign immunity bars a suit for damages against the United States."). The terms and conditions of the government's consent to be sued in any court define that court's jurisdiction. *Gould*, 905 F.2d at 741 (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). The FTCA affords a limited, conditional waiver of sovereign immunity by the United States government for the torts of Federal government employees committed within the scope of their employment. *See* 28 U.S.C. §§ 2671

*et seq.; see also Muth v. United States,* 1 F.3d 246, 249 (4th Cir.1993).

■ "The [FTCA] requires that before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination." *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir.1994); *see also* 28 U.S.C. § 2675.[2] A plaintiff's failure to file a proper administrative claim with the appropriate agency divests a federal court of subject matter jurisdiction. *See Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986) (stating that "the requirement of filing an administrative claim is jurisdictional and may not be waived").

Plaintiff did not file an administrative claim regarding the tort allegations complained of in this suit. Plaintiff's only administrative claim cites a broken radio, a lost pair of glasses, and a lost Carolina Panthers football team beverage cup, but does not allude to any facts giving rise to a wrongful death claim. (Def.'s Mem. Supp. Def.'s Mot. Dismiss, Ex. M.) Accordingly, Plaintiff did not exhaust his administrative remedies regarding the tort claims asserted in this matter and this court lacks subject matter jurisdiction.

IV. *Judgment on Plaintiff's FTCA Claims Bars Action Against Defendant Volkmer Arising out of the Same Subject Matter*

■ In addition to his tort claims, Plaintiff asserts claims based on alleged Constitutional violations.[3] 28 U.S.C. Section 2676 provides that "[t]he judgment in an action under [the FTCA] shall constitute a complete bar to any action by the same claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The judgment bar applies regardless of the outcome of the underlying FTCA action. *See Hoosier Bancorp of Indiana, Inc. v. Rasmussen,* 90 F.3d 180, 184–85 (7th Cir.1996) ("There is no indication that Congress intended Section 2676 to apply only to favorable FTCA judgments.") This judgment bar precludes even constitutional claims against federal employees. *Id.* (" 'any FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment' " (quoting *Gasho v. United States,* 39 F.3d 1420, 1437 (9th Cir.1994))). Accordingly, the court's judgment on Plaintiff's FTCA claim prevents Plaintiff from asserting an action against defendant Volkmer based on a constitutional claim.

V. *Res Judicata Prevents Plaintiff from Relitigating Issues Previously Raised in and Decided by this Court*

■ *Res judicata* principles dictate that "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily

---

**2.** In pertinent part, 28 U.S.C. Section 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

shall have been finally denied by the agency.

*Id.*

**3.** Although Plaintiff's complaint focuses primarily on Plaintiff's wrongful death claim, Plaintiff states three causes of action unrelated to wrongful death. (Pl.'s Compl. at 6–7.) The three causes of action restate the three issues in Plaintiff's 2001 suit against the United States. *See infra* Section v. (discussing the issue of *res judicata* in the present matter).

resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314–15 (4th Cir.1996). The doctrine encompasses two concepts: 1) claim preclusion; and 2) issue preclusion, or collateral estoppel. *Id.* at 1315 (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Claim preclusion provides that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id.* at 1315 (citing *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)). Issue preclusion, on the other hand, applies only when the later litigation arises from a different cause of action between the same parties. *Id.* Issue preclusion bars subsequent litigation of those legal and factual issues common to both actions that were " 'actually and necessarily determined by a court of competent jurisdiction in the first litigation.' " *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Therefore, "while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." *Hearne v. Sherman*, No. 1:95CV00426, 2002 WL 31942142, at *2 (M.D.N.C. Nov.12, 2002).

In *Freeze v. Veterans Admin. for North Carolina*, No. 1:00CV00963, 2001 WL 34013619 (M.D.N.C. Mar.30, 2001), this court issued a final judgment on the merits when it dismissed with prejudice Plaintiff's

prior suit. Defendants to the prior suit were the Veterans Administration for North Carolina (an agency of the federal government) and the Rowan County Department of Social Services (an agency of the State of North Carolina). Plaintiff alleged a violation of his civil rights under 42 U.S.C. Section 1983, alleged a denial of plaintiff's equal protection and substantive due process rights, and moved for a preliminary injunction. Unlike Plaintiff's present action,[4] the events giving rise to Plaintiff's prior case occurred prior to the death of Plaintiff's father and did not involve the allegedly negligent practice of medicine.[5] Accordingly, claim preclusion does not bar Plaintiff from asserting a claim against the United States in this matter. To the extent that Plaintiff raises issues litigated in his previous action, the *res judicata* doctrine of issue preclusion requires this court to dismiss such claims.[6]

## CONCLUSION

For the reasons set forth above, the court will grant Defendants' motion to dismiss Plaintiff's complaint.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

---

4. The factual basis for the present action primarily involves the alleged medical malpractice and resulting death of Plaintiff's father, John Charles Freeze.

5. The factual basis for Plaintiff's prior case against the United States primarily related to the appointing of a guardian for Plaintiff's father, to the denying of visitation rights to Plaintiff, to the denying of Plaintiff access to

the medical review board's meetings concerning his father, and to the denying of Plaintiff participation in treatment decisions concerning his father.

6. As discussed previously, *supra* at n. 3, three of Plaintiff's causes of action asserted in the present matter are identical to causes of action asserted in Plaintiff's prior action.