**Andres Javier SANCHEZ, Plaintiff,**

**v.**

**Dominic McLAIN, et al., Defendants.**

**Civil Action No. 5:07–cv–00355.**

United States District Court,
S.D. West Virginia,
Beckley Division.

Sept. 23, 2011.

---

Andres Javier Sanchez, San Antonio, TX, pro se.

J. Christopher Krivonyak, United States Attorney's Office, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS E. JOHNSTON, District Judge.

Pending before the Court are Plaintiff's motions for summary judgment [Docket 97, 100, & 101], Defendants' motions to dismiss or, alternatively, for summary judgment [Docket 99 & 129], Plaintiff's Motion to Unseal [Docket 118], and Defendants' motion *in limine* to exclude Plaintiff's expert witnesses, Drs. Kimmel and Simons [Docket 132].

For reasons that follow, Plaintiff's motions for summary judgment [Docket 97, 100 & 101] are **DENIED,** Defendants' motions to dismiss or, alternatively, for summary judgment [Docket 99 & 129] are **GRANTED,** and Plaintiff's Motion to Unseal [Docket 118] and Defendants' motion *in limine* [Docket 132] are **DENIED AS MOOT.**

### I. PROCEDURAL BACKGROUND

The full factual background and procedural history are set forth in United States Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation ("PF & R") (Docket 52), as well as in this Court's prior Memorandum Opinion adopting the PF & R in part (Docket 77), and need not be restated here. In the PF & R, Magistrate Judge Stanley recommended that this Court find that it lacks jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claim, grant Defendants' motion to dismiss the FTCA claim against Defendants Dr. Dominick McLain and Dr. Roger Edwards, grant Defendants' motion for summary judgment as to Plaintiff's *Bivens* claims against all Defendants, and deny Plaintiff's motion for summary judgment.[1]  (Docket 52.)  Plaintiff

---

1. In *Bivens,* the Supreme Court held that private citizens may recover money damages for any injuries they have suffered as a result of a federal official's violation of the Constitution. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

filed written objections to the PF & R on September 23, 2008. (Docket 59.)

By its July 8, 2009, 2009 WL 2045093, Memorandum Opinion and Order (Docket 77) and Judgment Order (Docket 78), the Court took under advisement Plaintiff's objection to the PF & R's recommendation that his *Bivens* claim against Dr. McLain and Dr. Edwards be dismissed. (Docket 77 at 11.) The Court, however, overruled Plaintiff's objections to the PF & R as they related to his other claims. The Court ordered the parties to submit additional briefing "on the issue of whether, in light of recently filed medical records, Defendants McLain and Edwards were deliberately indifferent to Plaintiff's serious medical needs." *Id.* at 12.

On September 9, 2009, the United States filed its responsive briefing as directed by the Court's July 8, 2009, Memorandum Opinion and Order. (Docket 83.) The Court later permitted limited discovery pertinent to the Plaintiff's *Bivens* deliberate indifference claim against Defendants McLain and Edwards. (Docket 89.) Thereafter, Plaintiff filed three renewed summary judgment motions (Docket 97, 100, & 101) and Defendants filed a motion seeking dismissal or summary judgment. (Docket 99.) Plaintiff filed memoranda, along with supporting materials, in response to Defendants' renewed motion for summary judgment or dismissal. (Docket 123, 124 & 128.) On April 8, 2011, the Defendants filed their reply to Plaintiff's memoranda, along with a motion to dismiss for lack of jurisdiction. (Docket 129.) Plaintiff filed a further response to the Defendants' reply and a motion to dismiss on April 22, 2011. (Docket 130.) Finally, Defendants filed a motion *in limine* seeking exclusion of Plaintiff's two medical experts, Drs. Kimmel and Simons. (Docket 132.)

These matters, having been fully briefed, are now ripe for this Court's review.

## II. STANDARD OF REVIEW

The district courts of the United States are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). They possess only the jurisdiction authorized them by the United States Constitution and by federal statute. *Bowles v. Russell,* 551 U.S. 205, 212–13, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider"); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506–07, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits.

## III. DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

### A. Law Governing the Effect of the FTCA's Judgment Bar on Bivens Claims

■ A prospective plaintiff seeking redress against a federal official for injury has two distinct avenues of relief. He may file a common law tort claim against the United States under the FTCA and—or in

the alternative—he may file a constitutional tort claim against the individual officer under *Bivens.*

█ In deciding whether to pursue a claim under the FTCA or under *Bivens,* or both, a plaintiff must consider the distinct advantages and drawbacks of the two causes of action.[2] First, the defendant in an FTCA action is the United States, whereas in a *Bivens* suit the defendant is the individual official. 28 U.S.C. §§ 1346(b) & 2674. The obvious advantage to pursuing an FTCA claim is that payment of a successful claim is assured through the deep pockets of the United States treasury; whereas a successful judgment against an individual defendant may not be satisfied if the defendant lacks sufficient assets. S.Rep. No. 93–588, at 2–3 (1973), *reprinted in* 1974 U.S.C.C.A.N. 2789, 2791. Second, while a jury trial is available in a *Bivens* suit, only a bench trial is permitted under the FTCA. 28 U.S.C. § 2402. Third, punitive damages are available in a *Bivens* action but are not available under the FTCA. *Id.* § 2674. Finally, a judgment under the FTCA constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Thus, if a plaintiff elects to pursue a remedy under the FTCA to judgment, he risks dismissal of any *Bivens* claim if the *Bivens* claim arises from "the same subject matter" and is against the same "employee whose act or omission gave rise to the claim." *Id.* This is true whether the FTCA claim is brought before or after the *Bivens* claim, or if, as here, both claims are brought in the same suit. This is also true irrespective of whether the FTCA judgment is favorable to the plaintiff or the United States. *Compare Unus v. Kane,* 565 F.3d 103, 121–22 (4th Cir.2009) (same suit, FTCA judgment for United States), *with Rodriguez v. Handy,* 873 F.2d 814, 816 (5th Cir.1989) (same suit, FTCA judgment for plaintiffs); *see also Williams v. Fleming,* 597 F.3d 820, 821 (7th Cir.2010) (same suit, FTCA judgment for United States); *Manning v. United States,* 546 F.3d 430, 431 (7th Cir.2008) (same suit, FTCA judgment for United States); *Harris v. United States,* 422 F.3d 322, 333–35 (6th Cir.2005) (same suit, FTCA judgment for United States); *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 858 (10th Cir.2005) (same suit, FTCA judgment for plaintiff); *Farmer v. Perrill,* 275 F.3d 958, 959 (10th Cir.2001) (different suits, FTCA judgment for United States); *Hoosier v. Rasmussen,* 90 F.3d 180, 184–85 (7th Cir.1996) (different suits, FTCA judgment for United States); *Gasho v. United States,* 39 F.3d 1420, 1437 (9th Cir.1994) (different suits, FTCA judgment for United States); *Engle v. Mecke,* 24 F.3d 133, 134–35 (10th Cir.1994) (same suit, FTCA judgment for plaintiff); *Arevalo v. Woods,* 811 F.2d 487, 490 (9th Cir. 1987) (same suit, FTCA judgment for plaintiff); *Serra v. Pichardo,* 786 F.2d 237, 238 (6th Cir.1986) (same suit, FTCA judgment for plaintiff); *Moon v. Price,* 213 F.2d 794, 796 (5th Cir.1954) (different suits, FTCA judgment for plaintiff); *Freeze v. United States,* 343 F.Supp.2d 477, 481–82 (M.D.N.C.2004), *aff'd* 131 Fed. Appx. 950 (4th Cir.2005) (per curium) (same suit, FTCA judgment for United States). *Contra Kreines v. United States,* 959 F.2d 834, 838 (9th Cir.1992) (holding that where FTCA and *Bivens* claim was brought in the same action, plaintiff could proceed after FTCA judgment entered in favor of United States).

---

**2.** The various provisions of the FTCA are distributed throughout Title 28 of the United States Code. The provisions most pertinent to this case are 28 U.S.C. §§ 1346, 2676, & 2679.

*B. Discussion*

■ In their motion to dismiss, Defendants contend they are entitled to a dismissal as a matter of law because the Court's dismissal of Plaintiff's FTCA claims operates as a bar to Plaintiff's *Bivens* claim. (Docket 129.) Plaintiff contends that Congress intended FTCA and *Bivens* claims to be complementary causes of action and that Congress explicitly exempted constitutional claims from the FTCA's exclusiveness of remedy rule. *See Carlson v. Green*, 446 U.S. 14, 18–25, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *see also* 28 U.S.C. § 2679(b)(2)(A). Thus, the question to be decided is whether the Court retains subject matter jurisdiction over Plaintiff's *Bivens* claim when the Court has entered a judgment for the United States on Plaintiff's FTCA claim.

■ When confronted with a question of statutory construction, "[e]lementary principles of statutory construction command a court to enforce the unambiguous terms of a duly enacted statute." *Salem v. Holder*, 647 F.3d 111, 115 (4th Cir.2011); *see also Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir.2007). "[I]n interpreting a statute a court should always turn first to one cardinal canon before all others ... courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* (citations and internal quotations omitted). A court considers all the words employed and does not review isolated phrases. *R.H. Donnelley Corp. v. United States*, 641 F.3d 70, 76 (4th Cir.2011). Additional-

ly, a court evaluates "the statutory language itself, the specific context in which such statutory language is used, and the broader context of the statute as a whole." *Willenbring v. United States*, 559 F.3d 225, 236 (4th Cir.2009) (quoting *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004)). Generally, in examining statutory language, words are given their common usage. *See Palestine Info. Office v. Shultz*, 853 F.2d 932, 938 (D.C.Cir.1988). Courts are not free to read into the language what is not there, but rather should apply the statute as written. *United States v. Murphy*, 35 F.3d 143, 145 (4th Cir.1994). Provided that "the statutory scheme is coherent and consistent" and the statutory language is unambiguous, the court's inquiry terminates. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290(1989). The language being facially clear and "within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms." *Id.* In interpreting a statute, courts may adopt "a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results ... or would thwart the obvious purpose of the statute." *Comm'r v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 14 L.Ed.2d 75 (1965) (internal citations omitted).

With these principles in mind, the analytical starting point must be the statute itself. Title 28, United States Code, Section 2676 provides: "The *judgment* in an action under section 1346(b) of this title shall constitute a *complete bar to any action* by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." (Emphasis added).[3]

---

**3.** Title 28, United States Code, Section 1346(b) provides:

The language of this uncommonly concise statute is clear, plain and unambiguous. Congress did not qualify or limit the word "judgment" in any way. Thus, its plain and natural meaning is that Congress intended a "judgment" to serve as a "complete bar" to "any" action by the claimant "by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." *See Unus,* 565 F.3d at 121–22 (finding that the district court's summary judgment award for the defendants on the FTCA claims triggered § 2676's judgment bar for the plaintiff's *Bivens* claims).

Congress, in drafting this statute, used broad, simple language, that is, "judgment," "complete bar," and "any action." By use of such unconditioned and sweeping terms, it is plain that where, as here, a judgment in a FTCA action has been entered, § 2676 by its terms bars "any action" involving the same subject matter against the federal employee whose act or omission gave rise to the claim.

One court of appeals decision has concluded that an FTCA judgment in favor of the government did not bar a contemporaneous *Bivens* action arising from the same events. *See Kreines v. United States,* 959 F.2d 834, 838 (9th Cir.1992). In *Kreines,* the court found the text of § 2676 ambiguous on the question of whether an FTCA judgment favorable to the government bars a contemporaneous *Bivens* judgment.

*Id.* at 838. Yet, in *Gasho v. United States,* 39 F.3d 1420, 1437 (9th Cir.1994), the same court stated "the holding in *Kreines* was narrowly confined to its facts" and rejected plaintiffs' argument that "Congress intended to permit a claimant to have a second chance after losing his FTCA action." *Id.* For the reasons set forth above, the Court disagrees that the word "judgment" is ambiguous and thus, rejects the Ninth Circuit's reasoning in *Kreines.*

The Court's inquiry, however, is not at its end. Plaintiff further argues that § 2676 must be read in context with § 2679(b) of the FTCA. That section provides in pertinent part:

(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded with-

(b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employ-

ment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
(2) No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

out regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government—

(A) *which is brought for a violation of the Constitution of the United States*

. . . .

28 U.S.C. § 2679 (emphasis added).

■■■ The Court is not persuaded that Congress intended for § 2679—a provision which permits a plaintiff to bring a *Bivens* civil action in addition to a claim under the FTCA—to trump the judgment bar rule contained in § 2676. Courts that have considered the judgment bar rule of the FTCA support this interpretation. For example, in *Unus*, 565 F.3d at 111–12, the plaintiffs brought claims in the same action under both the FTCA (common law torts) and under *Bivens* (First and Fourth Amendment claims) against a group of eleven federal agent defendants. They also brought the same *Bivens* claims—but not FTCA claims—against two other defendants, Kane and Katz. *Id.* The district court disposed of all of the claims in favor of the defendants. *Id.* The court determined that the federal agents were entitled to qualified immunity on the Fourth Amendment *Bivens* claim, granted summary judgment for the United States on the FTCA claims, and dismissed the First Amendment claim as moot. *Id.* On appeal, the plaintiffs asserted that the FTCA judgment bar was limited to situations where the plaintiff had asserted the same wrong in a *Bivens* claim as in a separate FTCA claim. *Id.* at 121–22. They argued

that their *Bivens* claims against the eleven defendants were not barred because they were predicated on different conduct and alleged distinct injuries. *Id.* In rejecting the plaintiffs' arguments, the Fourth Circuit reasoned that the plain language of § 2676 supports the interpretation that the judgment bar precludes a *Bivens* claim against a government employee when a judgment has been entered on a FTCA claim "arising out of the same actions, transactions, or occurrences" as the *Bivens* claim.[4] *Id.* at 122 (citations omitted). The court determined that all claims that could have been brought with regard to the conduct at issue against the responsible "employee of the government" were precluded. *Id.* The court further reasoned that such an interpretation is consistent with Congress' intent that the judgment bar operate to preclude claims brought against a defendant for the conduct underlying the FTCA "action." *Id.* Importantly, the Fourth Circuit defined the term "action" to include all elements of a civil suit including claims within that suit. *Id.* The court found that where judgment had been entered in favor of the United States on the plaintiffs' FTCA claims against a group of eleven federal defendants, plaintiffs' First and Fourth Amendment *Bivens* claims were statutorily barred by § 2676.[5] *Id.* at 121. In so finding the court noted:

> Litigants frequently face tough choices—choices that rarely come without consequence. In these proceedings, the plaintiffs chose to pursue their claims against the federal agent defendants through *Bivens* as well as under

---

4. The plaintiffs apparently did not argue (and the court did not discuss) 28 U.S.C. § 2679(b) or *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

5. The court also determined, however, that § 2676's judgment bar rule did not preclude the *Bivens* claims against Kane and Katz because the FTCA claims did not name Kane

and Katz (and presumably because they alleged separate conduct, namely, conduct relating to obtaining the search warrant and not conduct relating to the execution of the warrant). The court, however, determined that Kane made no misrepresentation in his affidavit in support of the warrant and was entitled to qualified immunity.

the FTCA. As such, they risked having a judgment on the FTCA claims operate to bar their *Bivens* theories.... [T]he district court properly awarded summary judgment to the United States on the FTCA claims. Those claims arose out of the "same subject matter" as the First and Fourth Amendment *Bivens* subclaims—the execution of the Warrant—by the "employee of the government whose act or omission gave rise to the claim," *i.e.,* the federal agent defendants. As such, the court's summary judgment award on the FTCA claims triggers the judgment bar provision of § 2676, and the plaintiffs' First and Fourth Amendment *Bivens* subclaims against the federal agent defendants are thus barred.

*Id.*

In support of his argument, Plaintiff relies on *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). There, the Supreme Court found that Congress viewed the "FTCA and *Bivens* as parallel, complementary causes of action." *Id.* at 19–20, 100 S.Ct. 1468. Plaintiff further argues that Congress reiterated its intent that *Bivens* actions be permitted to be raised in conjunction with FTCA claims when it amended the FTCA in 1988. This amendment made the FTCA's remedy for claims against the United States exclusive for most claims against federal officials arising from their official conduct; however, Congress explicitly excepted constitutional violations from this exclusivity rule. 28 U.S.C. § 2679(b)(2); *see also Hui v. Castaneda,* —— U.S. ——, 130 S.Ct. 1845, 1851–53, 176 L.Ed.2d 703 (2010).

Plaintiff's reliance on *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) is misplaced. In *Carlson,* the administratrix of her deceased son's estate brought suit solely under *Bivens* against federal prison officials alleging they violated her son's constitutional rights. No claim was made under the FTCA. *Carlson* held that the plaintiff could maintain the *Bivens* action, notwithstanding the fact that plaintiff could have also brought a claim under the FTCA. The Supreme Court stated that "[i]n the absence of a contrary expression from Congress, ... [plaintiffs] shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights."

In 1946, after some thirty years of consideration, Congress passed the FTCA. The FTCA

was the offspring of a feeling that the Government should assume the obligation to pay damages for the misfeasance of employees in carrying out its work. And the private bill device was notoriously clumsy. Some simplified recovery procedure for the mass of claims was imperative. This Act was Congress' solution, affording instead easy and simple access to the federal courts for torts within its scope.

*Dalehite v. United States,* 346 U.S. 15, 24–25, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Significant amendments to the FTCA were made in 1966, 1974, and, of importance to Plaintiff's contentions, in 1988. As noted by Plaintiff, in 1988 Congress passed the Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act"). "The Westfall Act amended the FTCA to make its remedy against the United States the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hui v. Castaneda,* 130 S.Ct. at 1845. Because judicial decisions had "seriously eroded the common law tort immunity previously available to Federal employees," Congress' purpose in amending the FTCA was "to protect Federal employees from personal liability for common law torts committed

within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States." Pub. L. No. 100–694, § 2(b), 102 Stat. 4563 (1988). While the Westfall Act exempted constitutional claims from the exclusiveness of remedy section of the FTCA [§ 2679(b) ], Congress did not exempt constitutional claims from § 2676's judgment bar rule. This Court will not speculate whether this was an oversight on Congress' part or deliberate inaction, particularly when the language of § 2676 is clear, and where Congress was concerned about the "immediate crisis" created by judicial erosion of common law tort immunity for federal employees; that erosion "seriously undermine[s] the morale and well being of Federal employees, impede[s] the ability of agencies to carry out their missions, and diminish[es] the vitality of the [FTCA] as the proper remedy for Federal employee torts." Pub. L. No. 100–694, § 2(a)(6), 102 Stat. 4563 (1988).

In *Harris v. United States,* 422 F.3d 322, 336 (6th Cir.2005), the court considered and rejected a similar challenge to § 2676 based on *Carlson.* There, the court observed that "[n]othing about our decision, however, conflicts with [*Carlson* ]." *Id.* The court reasoned that although "[c]onstitutional rights may not be extinguished by any statute, state or federal, [ ] this truism does not mean that suits or potential suits for alleged violations of such rights may not be compromised or waived." *Id.* (citing *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 956 (6th Cir.1987) (en banc)). The court stated "[n]othing in *Carlson* prohibits the federal government from conditioning its waiver of sovereign immunity on a plaintiff's willingness not to pursue a constitutional remedy—which is precisely what the terms of § 2676 do and which explains why we rejected a similar argu-

ment in *Serra* [*v. Pichardo,* 786 F.2d 237, 241 (6th Cir.1986) ]." *Id.* In *Serra,* the Sixth Circuit reasoned that "the instant case, unlike *Carlson,* deals with the effect of a FTCA judgment on a plaintiff's power to continue to pursue a *Bivens* remedy" not with the availability of a *Bivens* remedy. *See also Arevalo v. Woods,* 811 F.2d 487, 490 (9th Cir.1987) ("Unlike *Carlson,* in the case now before us the plaintiff Arevalo sued both the United States under the FTCA and the individual federal officer under *Bivens.*"); *Sanchez v. Rowe,* 651 F.Supp. 571, 575–76 & n. 2 (N.D.Tex.1986) ("[T]he holding in *Carlson* does not alter the plain meaning of § 2676 because *Carlson* did not deal with the effect of a FTCA judgment on a plaintiff's power to continue to pursue a *Bivens* remedy.").

The foregoing decisions rightly recognize that, while § 2679 of the FTCA expressly exempts constitutional claims from the FTCA's exclusiveness of remedy rule, Congress carved out no such exception for the FTCA's judgment bar rule. These two sections read in conjunction with one another serve different interests. Section 2679 exempts constitutional claims from the rule that the FTCA is the exclusive remedy for redress of common law torts committed by federal officials acting within the scope of their office and employment. Section 2676, on the other hand, operates as a "complete bar,"—once an FTCA judgment is adjudicated—to "any" other action against the federal employee involving the same subject matter. Thus, while Congress permitted constitutional claims to be pursued in tandem with FTCA claims, the broad sweep of the language of § 2676 indicates that Congress also determined that once a plaintiff elects to pursue the FTCA claim to judgment, that strategic decision triggers application of § 2676 to "any action"—including constitutional claims—against the federal employee

whose conduct was at issue in the adjudicated FTCA claim.

The stated legislative findings and purposes that gave rise to § 2676 further support the determination that a judgment on an FTCA claim precludes recovery on a *Bivens* claim arising from the same subject matter. Congress had multiple concerns when enacting § 2676's judgment bar rule. It intended the bar to preclude dual recovery from both the government and its employees, to avoid the waste of Government resources and the "very substantial burden" on the Government in defending repetitive suits, and to encourage claimants to bring tort claims against the United States rather than *Bivens* actions against the individual employee. *Hallock v. Bonner,* 387 F.3d 147, 154 (2d Cir.2004) (citing *Gasho,* 39 F.3d at 1437–38).

Finally, although not raised by the parties, the Court is mindful of the fact that dismissal of Plaintiff's FTCA claims was based on his failure to exhaust his administrative remedies by failing to file an administrative tort claim prior to seeking relief in this Court. (Docket 77.) In support of its motion to dismiss, however, the United States directs the Court's attention to *Freeze v. United States,* 343 F.Supp.2d 477 (M.D.N.C.), *aff'd* 131 Fed.Appx. 950 (4th Cir.2005) (per curium). In that case, the plaintiff brought medical malpractice claims under the FTCA and *Bivens* relating to the death of the plaintiff's father while he was a patient at a veteran's hospital. As in this case, the court in *Freeze* dismissed the plaintiff's common law tort claims under the FTCA because the plaintiff failed to exhaust his administrative remedies by filing an administrative tort claim prior to pursuing relief in district court. *Id.* at 481. The court then determined that the FTCA judgment bar rule required dismissal of the plaintiff's *Bivens* claims because the claims arose out of the same subject matter. *Id.*

The facts in *Freeze* are similar to this case in that the basis for the dismissal of the plaintiff's FTCA claim is the same: a failure to file an administrative tort claim as required by the FTCA. The answer to the question of whether the judgment bar is triggered only by certain kinds of judgments (*e.g.,* judgments on the merits, judgments based on lack of subject matter jurisdiction, or venue or failure to state a claim) lies once again with the plain terms of the statute. As discussed *supra,* the statute, by its terms, speaks of "judgment." Congress did not modify, and thus did not limit, the word in any manner. While the congressional goal of precluding multiple recoveries is not an issue in this case because Plaintiff's FTCA claims have been dismissed, the other legislative purposes—that is, the goal of alleviating the "very substantial burden" on the Government in defending repetitive suits and encouraging claimants to bring tort claims against the United States rather than in *Bivens* actions against the individual employee—are directly implicated. *See Hoosier v. Rasmussen,* 90 F.3d 180, 184–85 (7th Cir.1996); *Gasho,* 39 F.3d at 1437. In light of the clarity and simplicity of the language of § 2676, as well as its context within the framework of the FTCA as a whole (and § 2679(b) in particular), the Court will, as it must, presume that Congress says in the statute what it means—and means in the statute what it says.

Thus, where Plaintiff's FTCA claims and his constitutional claims arise from the same subject matter, that is, the Bureau of Prisons staff physicians' conduct in providing medical care for his knee, and where the Court has previously entered judgment for the United States on his FTCA claims, § 2676 operates as a "complete bar" to Plaintiff's *Bivens* claims.

## IV. CONCLUSION

The Court is mindful that the decision Plaintiff made to pursue his FTCA claim

to judgment was a decision with a harsh consequence. This Court is bound, however, to apply an unambiguous statute by its terms and is not free to read into the language what is not there. Any remedy for an alternative consequence lies within the province of Congress and not the courts.

Accordingly, Plaintiff's motions for summary judgment [Docket 97, 100, & 101] are **DENIED,** Defendants' motion to dismiss or, alternatively, summary judgment [Docket 99 & 129] is **GRANTED,** and Defendants' motion *in limine* [Docket 132] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.